UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-103-FDW

| MICHAEL WAYNE MABE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| KEITH WHITENER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction in Forsyth County Superior Court on one count of first-degree burglary, two counts of assault on a female, and counts of larceny of a motor vehicle, communicating threats, and interfering with emergency communications. Plaintiff was sentenced on July 2, 2009, and his projected release date is January 4, 2024. Plaintiff's convictions and sentence were upheld on appeal to the North Carolina Court of Appeals. State v. Mabe, 697 S.E.2d 524 (N.C. Ct. App. 2010) (unpublished table decision), disc. rev. denied, 702 S.E.2d 505 (N.C. 2010).

On or about March 21, 2012, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Middle District of North Carolina in an effort to challenge his 2009 state judgment. On February 7, 2013, the district court denied the § 2254 petition after concluding that Plaintiff's claims were without merit. Mabe v. Whitener, No. 1:12-CV-277-CCE-LPA, 2013 WL 492498 (M.D.N.C. 2013), appeal dismissed, 532 F. App'x 326 (4th Cir. July 5, 2013).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff contends that he is being denied access to the state court and he is being denied adequate access to legal representation or resources.[1]

A. Access to the Courts

Plaintiff was convicted in 1989 in Stokes County Superior Court within the Middle District on one count of breaking or entering (88CRS001989) and one count of larceny after breaking or entering (88CRS001989) and he was sentenced to five years in prison. (Doc. No. 1-1 at 2). Plaintiff asserts that he is actually innocent of the 1989 convictions because he was 17-years old at the time he was charged and the house that he was charged with breaking into was owned

---

[1] Plaintiff also includes allegations in his complaint concerning lack of adequate medical care and violation of his right to the free exercise of religion. However, Plaintiff portends that he will file a separate § 1983 complaint to address those allegations. See (5:13-cv-103, Doc. No. 1 at 5-6).

by his legal guardians and he apparently was residing in the home at the time of the offenses.

Plaintiff argues that Defendant Dalton has refused to respond to his inquiries or acknowledge his motion for appropriate relief (MAR) that he filed in an effort to challenge the 1989 convictions. On or about December 7, 2011, Plaintiff filed a motion for appointment of counsel in the Middle District. In his motion, it appeared that Plaintiff was seeking legal assistance in presenting his claim of actual innocence in his challenge the 1989 convictions. Plaintiff states that the MAR was filed with the Stokes County Clerk of Superior Court in October 2010 and it was denied because he mailed the State's copy of the MAR "to his court mailbox rather than his post office box. Therefore, Plaintiff resubmitted the MAR to the Superior Court on February 15, 2011 and the Court simply refused to acknowledge it or respond to any inquiry." (Case No. 1:11-cv-01076-TDS-LPA, Doc. No. 1 at 2).

Plaintiff's motion was referred to a U.S. Magistrate Judge and he issued a Memorandum and Recommendation (M&R). The court found that it was unclear whether Plaintiff was moving for the appointment of counsel to represent him in federal court or in the state courts and noted that counsel could not be appointed to assist him with filing a challenge in state court. The court then found that Plaintiff's motion would be construed as a § 2254 petition because he was seeking to attack the 1989 state convictions. The court recommended that the motion be dismissed without prejudice because Plaintiff did not include the necessary filing fee and he had not filed for relief on the proper federal habeas forms. (Id., Doc. 2: Order and Recommendation, filed Dec. 13, 2011). Plaintiff filed an objection to the M&R and argued that his motion should have been construed as a request for relief under § 1983 rather than as a petition for habeas relief. Plaintiff stated that he intended to file for federal habeas relief from the 1989 convictions but only after he had exhausted his remedies in state court. (Id., Doc. No. 4). The district court reviewed Plaintiff's objections *de novo* and concluded that the M&R should be affirmed. (Id., Doc. No. 5: Order, filed

6

Jan. 31, 2012). Plaintiff did not appeal.

Returning to the present case, the Court finds that Plaintiff's statements in the Middle District action demonstrate that he filed an MAR that was denied because of his filing error and he resubmitted the MAR to the Clerk and no further action was taken. Plaintiff also contends in that action that his complaint to the North Carolina of Appeals has been ignored. (Id., Doc. No. 1 at 2). However, Plaintiff does not contend that he ever filed a petition for a writ of certiorari with the North Carolina Court of Appeals in an effort to challenge the denial of his MAR and there is no indication on the court of appeals electronic website that Plaintiff filed such a petition.

Based on the foregoing, the Court will dismiss Plaintiff's complaint against Defendant Dalton without prejudice for failure to exhaust his available state remedies which may include a petition for a writ of mandamus with the appropriate state court. Plaintiff is warned, however, that venue appears to be proper in the Middle District in the event that he files a future § 1983 complaint challenging alleged actions or omissions by the court in Stokes County.

  B. <u>Legal Assistance</u>

Plaintiff also contends that his right to legal assistance is being denied. First, Plaintiff complains that he has no adequate access to legal materials in prison. States are required to provide meaningful access to the courts. <u>See</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 823 (1977). As Plaintiff notes, at the time he filed the present complaint the State of North Carolina had contracted with North Carolina Prisoner Legal Services (NCPLS). This arrangement satisfied the mandate in <u>Bounds</u> which required states to "affirmatively provide prisoners with either law libraries or persons trained in law to assist in prosecution of both post-conviction proceedings and civil rights actions." <u>Fowler v. Lee</u>, 18 F. App'x 164, 166 (4th Cir. 2001) (citing <u>Bounds</u>, 430 U.S. at 828).

In Plaintiff's complaint, he indicates that he presented information regarding his 1989

convictions to NCPLS but they declined to assist him in challenging the conviction. (5:13-cv-103, Doc. No. 1-2 at 5: "This is a complete denial of access to the courts – a violation of my constitutional rights yet legal services will not assist or event provide needed information to file a writ of mandamus.").[2] As noted above, the state's obligation is to provide access to legal services and that appears to have been accomplished in Plaintiff's case. That NCPLS declined to represent Plaintiff may indicate that they believed his challenge to the 1989 convictions was without merit or frivolous. In any event, it appears from this record that Plaintiff was provided the required access to legal representation to assist in his effort to challenge the 1989 convictions. See (Doc. No. 1 at 3: "Plaintiff has repeatedly been denied access to courts due to the incompetence and/or indolence of the provided legal services. In addition to the poor performance of the provided legal services . . ."). In sum, Plaintiff's frustration with the outcome of his effort to obtain his desired level of legal representation does not support a claim for relief in this § 1983 proceeding.

    C.    Amendment to Complaint

Plaintiff submitted a motion to amend his complaint and a proposed amended complaint and the Court granted his motion to amend. (Doc. No. 11). In the amendment, as is relevant here, Plaintiff moved to add two attorneys that he contends are employed by NCPLS. Plaintiff argues that they should not able to escape liability even though they are not "directly" employed by the State. (Doc. No. 8). The Court finds that Plaintiff may not, under the circumstances presented in this record, maintain an action under § 1983 against these defense attorneys. See Polk County. v. Dodson, 454 U.S. 312, 325 (1981) (finding "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). In the present case, Plaintiff's allegation that the attorneys are somehow conspiring with one or more defendants to deny him access to the courts is baseless. The record demonstrates

---

[2] In the event that Plaintiff is seeking to assert a claim for relief in this § 1983 action against a NCPLS attorney for failure to assist him with his federal habeas proceeding, this claim will be denied.

that he applied for assistance from the NCPLS and was denied. This certainly appears to be within the realm of the traditional responsibility of a defense attorney in considering a request for relief and declining to pursue a defendant's preferred avenue for relief. In short, although Plaintiff is entitled to have access to legal assistance he is not entitled to demand that the preferred legal action be filed by counsel.

For the reasons stated herein, the Court finds that Plaintiff's § 1983 complaint, as amended, should be dismissed against all defendants.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint, as amended, is **DISMISSED** without prejudice. (Doc. Nos. 1, 8).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 13).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 15, 2014

Frank D. Whitney
Chief United States District Judge