# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:13-cv-103-FDW

| | |
|---|---|
| MICHAEL WAYNE MABE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KEITH WHITENER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "motion for reconsideration to amend complaint" (Doc. No. 16), which complaint he filed pro se pursuant to 42 U.S.C. § 1983, and his motion for leave to file an amended complaint. (Doc. No. 17).

On May 15, 2014, this Court dismissed Plaintiff's § 1983 complaint which raised a claim that Defendant Clerk of Court Ann Dalton had denied his right to access state courts when she thwarted his attempt to challenge a state conviction which was sustained in 1989 in Stokes County Superior Court, in the Middle District of North Carolina. Plaintiff also argued he was being denied access to legal representation and access to a law library. Plaintiff later amended his complaint to assert an additional claim against two attorneys with North Carolina Prisoner Legal Services which he argued were refusing to properly assist him with certain legal challenges. (See 5:13-cv-103-FDW, Doc. No. 14: Order). The Court set forth some of the following background in addressing the potential merits of Plaintiff's claims.

### I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction in Forsyth County Superior Court on one count of first-degree burglary, two counts of assault on a female, and counts of larceny of a motor vehicle, communicating threats, and interfering with emergency

communications. Plaintiff was sentenced on July 2, 2009, and according to the website of the North Carolina Department of Public Safety, his projected release date is January 4, 2024. Plaintiff's convictions and sentence were upheld on appeal to the North Carolina Court of Appeals. State v. Mabe, 697 S.E.2d 524, 2010 WL 2652254 (N.C. Ct. App. 2010) (unpublished table decision), disc. rev. denied, 702 S.E.2d 505 (N.C. 2010). Plaintiff filed for post-conviction relief in state court and his claims were denied. On or about March 21, 2012, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Middle District of North Carolina in another effort to challenge his 2009 state judgment. On February 7, 2013, the district court denied the § 2254 petition after concluding that Plaintiff's claims were without merit. Mabe v. Whitener, No. 1:12-CV-277-CCE-LPA, 2013 WL 492498 (M.D.N.C. Feb. 7, 2013), appeal dismissed, 532 F. App'x 326 (4th Cir. July 5, 2013).[1]

Plaintiff also filed a motion for appointment of counsel in the Middle District on or about December 7, 2011, pursuant to 28 U.S.C. § 1915(e)(1), contending he was indigent and that he needed assistance of counsel because he was being denied access to the state courts. Specifically, Plaintiff argued that he was "being denied access to the courts without explanation . . . Plaintiff does not have access to a law library and N.C. Prison Legal Services refuses to assist him without explanation." Plaintiff states that in October 2010, he filed a motion for appropriate relief (MAR) in Stokes County Superior Court, in an effort to demonstrate that he was actually innocent of a burglary conviction (Case No. 88CRS1989), but the court had refused "to respond to the motion, answer inquiries, and complaints to the residential judge have been completely ignored as well . . .

---

[1] In his pro se complaint in the present matter, Plaintiff goes into to some detail about how denial of access to legal materials or legal services prejudiced his ability to challenge his 2009 conviction. The evidence summarized by the court of appeals affirming his convictions and sentence was overwhelming. Moreover, Petitioner's many habeas claims regarding in 2009 conviction have been adjudicated against him by the state and the federal district court o habeas review and affirmed on appeal. Finally, to the extent he seeks relief in this district based on alleged errors occurring during his trial in Forsyth County or on post-conviction review, the Court finds that Plaintiff must have pursued those errors, in the event he has not already, within the Middle District which is where Forsyth County is located.

2

additional complaint to the N.C. Appeals Court has been ignored. (1:11-cv-01076-TDS-LPA, Doc. No. 1, filed Dec. 7, 2011 at 1-2). Plaintiff continues by acknowledging that his MAR was denied because he apparently mailed the MAR to the wrong mailbox. Plaintiff states that he resubmitted the MAR in February 2011, after learning that his first MAR had been denied, but "the Court simply refuses to acknowledge it or respond to any inquiry. No one is even able to reach them by phone." (Id. at 2).

Plaintiff's motion was referred to a U.S. Magistrate Judge who noted that Plaintiff's motion was improper because Plaintiff did not have a pending civil action in that court, and that in any event it was unclear whether Plaintiff was seeking appointment of counsel in federal court or to assist in his apparent effort to present a challenge in state court to the 1989 conviction. The Court found that if Plaintiff was attempting to attack his state conviction in federal court then the matter would be construed as a federal habeas action under § 2254, and the Clerk was directed to mail the proper § 2254 forms to Plaintiff. (Id., Doc. No. 2: Order and Recommendation, filed Dec. 13, 2011). Plaintiff filed an objection to the recommendation therein contending that his motion for appointment of counsel was filed in an effort to secure an attorney to assist him in challenging "the Department of Corrections as well as the State court denying access to the Court in Case No. 88CRS1989." Plaintiff protested that the Court had misconstrued his intention in finding that he was presently making an effort to attack his 1989 conviction in a federal habeas proceeding, rather Plaintiff wished to proceed with a § 1983 complaint regarding denial of access to courts and lack of sufficient legal service or materials. However, Plaintiff also noted that he did intend to seek habeas review of his state conviction but had not yet exhausted his arguments in state court and did not want his motion for appointment of counsel to prevent such a future habeas proceeding. (Id.., Doc. No. 4 at 1-2). The objections were referred to the district court and the magistrate judge's recommendation was affirmed after the Court found that Petitioner's motion sounded in

habeas. The action was then dismissed without prejudice to Plaintiff's ability to file a habeas petition on the correct § 2254 forms. (Id., Doc. No. 5: Order, filed Jan. 31, 2012). Plaintiff did not appeal and he did not file a § 2254 petition challenging his 1989 conviction.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In the present motion for reconsideration, Plaintiff argues that the Court misconstrued the allegations in his § 1983 complaint and he moves to be allowed to amend the complaint to include or clarify a couple of issues. First, Plaintiff appears to challenge this Court's ruling which denied his motions to appoint counsel to assist him in his case. (5:13-cv-103, Doc. No. 16 at 1). Plaintiff's first motion to appoint counsel, (Doc. No. 5), was denied after Plaintiff's motion to amend his complaint was allowed, and an initial review was being conducted. (Id., Doc. No. 11). Plaintiff's second motion for appointment of counsel was denied after the Court found that

4

Plaintiff's complaint, as amended, failed to state any claim upon which relief may be granted. (Id., Doc. No. 14: Order). To the extent that Plaintiff seeks to renew his motion for appointment of counsel, that request will be denied.

Plaintiff also contends that he cannot file a writ of certiorari, apparently with the North Carolina Court of Appeals, because of the Stokes County Clerk of Court's refusal to provide him with needed copies or to advance the costs of the copies associated with his failed MAR attempt. Next, Plaintiff complains that he cannot file a petition for a writ of mandamus because he lacks the knowledge to do so, and he repeats his refrain that he is being denied access to a law library or to adequate legal assistance. (Id. at 2). Regarding this latter claim, Plaintiff states that legal services will not provide him with information on how to petition for mandamus relief because his ability to seek post-conviction relief is time-barred. (Id.). The Court has already found that Plaintiff has failed to state a claim for relief regarding delay or access to legal materials or legal representation and the motion for reconsideration of these claims will be denied for reasons further discussed herein.[2]

The Court observes the Plaintiff has filed two actions in the Middle District, one in an effort to pursue § 1983 relief due to his perceived delay by the Stokes County Clerk in regard to his challenge to the 1989 conviction, and second in an effort to challenge his 2009 conviction. The former claim was dismissed without prejudice because Plaintiff did not submit proper 22 2254 forms to challenge his 1989 conviction on federal habeas review. The latter challenge was denied as being meritless.

In addition, Plaintiff has acknowledged that he filed a MAR in Stokes County Superior

---

[2] In his motion to amend, not to be confused with his motion to reconsider to amend complaint, Plaintiff blankly states that motion to amend should be freely given however he offers no proposed amended complaint, however he does offer his motion for reconsideration of the motion to amend. The Court finds that the reasons provided and the proposed amendments urged in the motion for reconsideration do not support the granting of a motion to amend. (Id., Doc. No. 17). Accordingly, the motion to amend will be denied.

Court and he freely admits that it was rejected because it was improperly submitted, and in his motion for reconsideration, Plaintiff clearly states that he did not file a petition for a writ of certiorari from the State superior court's denial of his MAR so it is apparent that he is well aware of the proper procedure, although he may not care to follow it. (Id. at 2). See N.C. Gen. Stat. § 15A-1422(c)(3)(providing for review by writ of certiorari to the North Carolina Court of Appeals from the denial of a MAR). Thus, Plaintiff could have challenged the denial of his MAR on the first go around and he has alerted this Court to no authority which would require a Clerk to file another MAR that had already been denied and when he failed to follow the proper state procedure.

Based on the foregoing, the Court finds that Plaintiff has failed to present sufficient allegations that Defendant Clerk Ann Dalton denied his constitutional right to the courts as it appears from this record, and the record before the Middle District, that Plaintiff filed his MAR, it was denied, and he failed to follow proper state procedure in challenging the denial. Moreover, Plaintiff could have challenged the denial of the MAR by filing a § 2254 habeas petition and asserted his claim of actual innocence but he has yet to do so and it appears, in any event, that he refuses to exhaust his state remedies in asserting a claim of actual innocence.[3]

Finally, in his motion to reconsider Plaintiff raises allegations that he was denied meals for seven days; denied his constitutional right to practice religion; assaulted by staff and inmates; he was wrongfully locked down based on false disciplinary reports; and he was denied medical and mental health treatment for over two years. (Id., Doc. No. 16). Plaintiff has submitted no

---

[3] The Court also notes that Plaintiff has failed to state any reasonable claim that Defendants Whitener or Solomon in any way participated in the allegations, or had any knowledge of the allegations of which Plaintiff complains in this § 1983 proceeding. Plaintiff identifies Whitener as the administrator of his prison at the time he filed the complaint and Solomon as the director of prisons. As such they would have a supervisory role over any of those that may have denied Plaintiff the rights that he contends he is entitled to receive, therefore, the complaint against these defendants must be dismissed. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

evidence in this case that he presented any of these claims in the state's administrative remedy procedure and appears to pursue each of these claims, with the exception of the two claims that will be discussed herein, for the first time in his motion to reconsider. In addition, Plaintiff's allegations here are purely conclusory and do not alert this Court to any factual detail which could survive an initial review under 28 U.S.C. § 1915A. Accordingly, the motion to reconsider as to these claims will be denied.

As to the remaining two claims, the Court observed in its Order of dismissal that Plaintiff noted in his complaint that he would pursue a separate lawsuit regarding his denial of medical treatment for his prostate and he has done so. See (5:13-cv-121-FDW, Doc. No.1: Complaint). Plaintiff also included allegations in his complaint about the denial of his right to the free exercise of religion and Plaintiff has filed a separate complaint addressing the issue in this district and the Court recently entered an Order finding that Plaintiff's complaint survived initial review, see 28 U.S.C. § 1915A, and the Court has ordered that the Clerk issue process for delivery to the U.S. Marshals to serve on each of the named defendants. See (5:13-cv-162-FDW, Doc. No. 13: Order).

## IV. CONCLUSION

For the reasons stated in the Court's Order of dismissal and for the reasons provided herein, Plaintiff's complaint fails to state a claim for which relief may be granted and his present motions will denied. 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration to amend complaint is **DENIED**. (Doc. No. 16).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend is **DENIED**. (Doc. No. 17).

**IT IS SO ORDERED.**

Signed: June 16, 2014

Frank D. Whitney
Chief United States District Judge